UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CAPELLI SPORT LLC** : <br> : <br> : <br> : <br> **Plaintiff,** : <br> : <br> : <br> **v.** : <br> : <br> **US CUSTOMS AND BORDER** : <br> **PROTECTION AND** : <br> **RODNEY S. SCOTT, in his official** : <br> **capacity as COMMISSIONER,** : <br> **U.S. CUSTOMS & BORDER PROTECTION** : <br> : <br> **Defendants.** : <br> : | Court No. 26-00279 |

## COMPLAINT

Plaintiff, Capelli Sport LLC, by and through its attorneys, hereby brings this action and alleges the following:

### Jurisdiction and Standing

1. Plaintiff is an importer of merchandise who challenges the assessment of the subject duties.

2. In February 2025, and thereafter, the President issued a series of executive orders to invoke the International Emergency Economic Powers Act ("IEEPA") as authority to impose new tariffs ("IEEPA Tariffs" or "IEEPA Duties") on goods imported from nearly every foreign country, including many countries from which Plaintiff sources its imports.

3. Plaintiff is the importer of record of merchandise subject to the IEEPA Duties and has paid and continues to pay IEEPA Duties on its imported goods.

4. However, IEEPA does not authorize these tariffs as held by this Court and by the U.S. Court of Appeals for the Federal Circuit in *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025), *cert. granted*, No. 25-250, 2025 WL 2601020 (U.S. Sept. 9, 2025) ("V.O.S. Selections").

5. Through this action, Plaintiff asks the Court to hold that, with respect to goods imported by Plaintiff, the IEEPA Duties collected by Defendants, and the underlying executive orders that directed them, are unlawful.

6. The Supreme Court heard oral argument in *V.O.S. Selections* and a companion case arising out of the U.S. District Court for the District of Columbia[1] on November 5, 2025, and is expected to decide those cases in the near future.

7. This separate action is necessary since, even if the IEEPA Duties and the underlying executive orders are found to be unlawful by the Supreme Court, absent their own judgement from this court, there is no guarantee that importers incurring these IEEPA duties, including Plaintiff, will receive a refund for any collected tariffs held to be unlawful.

8. Accordingly, for itself, Plaintiff seeks (i) a declaration that the IEEPA Duties are unlawful; (ii) a full refund with interest, as required by law, from Defendants of all IEEPA Duties Plaintiff has already paid to the United States, as well as those it will continue to pay.

**PARTIES**

9. Plaintiff, Capelli Sport LLC, is an importer of goods for which various IEEPA Duties were paid.

10. Defendant United States Customs and Border Protection ("CBP") is the United States agency that collects IEEPA duties on imports made by Plaintiff.

11. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

---

[1] *Learning Resources., Inc. v. Trump*, 784 F. Supp. 3d 209 (D.D.C. 2025), *cert. granted before judgment*, No. 24-1287, 2025 WL 2601021 (U.S. Sept. 9, 2025) ("*Learning Resources*").

12. Defendant United States of America received the disputed Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

13. Defendants are referred to collectively in this complaint as the ("Defendants").

## JURISDICTION AND STANDING

14. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i). *See V.O.S. Selections,* 149 F.4th at 1334 (Fed. Cir. 2025) , *cert grated,* No. 25-250, WL 2601020 (U.S. Sept. 9, 2025).

15. The Court has the same powers at law and in equity as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

16. Plaintiff has standing to sue in this case as it is the importer of record for the goods imported into the United States that were, and continue to be, subject to the unlawful IEEPA tariffs. Consequently, Plaintiff is "adversely affected or aggrieved" by agency action within the meaning of the APA. 5 U.S.C. § 702; 28 U.S.C. § 2631(i).

17. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). On February 1, 2025, President Trump issued the first Executive Order that resulted in the collection of IEEPA Duties. This Order were published in the Federal Register shortly thereafter. This action is filed within two years of the date that the first (and all consecutive) Orders were issued and published and is also within two years from the date on which Plaintiff first paid IEEPA Duties.

## GENERAL PLEADINGS

**I. The IEEPA Tariff Executive Orders**

18. On February 1, 2025, after declaring that "the influx of illegal aliens and illicit drugs" at the Nation's borders constituted a national emergency, President Trump invoked the IEEPA to issue three executive orders imposing tariffs on imports from Canada, Mexico, and China.[2] These measures, referred to in this Complaint as the "Trafficking Tariff Orders", resulted in CBP assessing additional duties on Plaintiff's entries from China.

19. On April 2, 2025, the President invoked the IEEPA again, this time declaring that "large and persistent U.S. trade deficits and the absence of reciprocity in key trade relationships" also constituted a national emergency. Based on that declaration, he issued Executive Order 14257, 90 Fed. Reg. 15,041 (referred to in this Complaint as the "Reciprocal Tariff Order")[3], establishing a baseline 10% tariff on imports from nearly every country, effective April 5, with additional "individual" tariffs ranging from 11% to as high as 50% to be imposed on 57 countries "shortly thereafter", effective April 9. *Id*.

20. Following the imposition of these measures, the President issued further executive orders adjusting the effective dates, and/or tariff rates in response to perceived retaliation by U.S. trading partners, among other considerations.[4]

21. To implement this new tariff structure, CBP revised the Harmonized Tariff Schedule of the United States multiple times, creating new tariff provisions under which all merchandise subject to

---

[2] Exec. Order No. 14194, *Imposing Duties to Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

[3] Exec. Order No. 14257, Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[4] *See e.g. Exec. Order No. 14259, Amendment to Reciprocal Tariffs and Updated Duties as Applied to Low-Value Imports from the People's Republic of China 90 Fed. Reg. 15,509 (Apr. 14, 2025);* Exec. Order No. 14266, Modifying Reciprocal Tariff Rates to Reflect Trading-Partner Retaliation and Alignment (Apr. 9, 2025), 90 Fed. Reg. 15,625 (Apr. 15, 2025).

the challenged duties must be entered. These changes were presented in numerous Cargo Systems Messaging Services issued by CBP[5].

22. On April 14, 2025, several importers challenged the legality of the President's IEEPA-based tariffs. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). This Court held that these actions exceeded the President's authority under IEEPA, and the Federal Circuit, sitting *en banc*, affirmed.

23. Since the filing of *V.O.S. Selections*, the President has issued additional executive orders invoking IEEPA to impose additional or modify existing tariffs[6]. As explained below, IEEPA does not grant the President such broad authority. By this complaint, Plaintiff challenges those orders (the "IEEPA Tariff Orders") that affect the duty rates on goods imported from the countries with which Plaintiff does business and for which Plaintiff pays duties (thus causing Plaintiff injury), and which the Federal Circuit has already held to be unlawful.

**II.    CBP's Implementation of the IEEPA Tariff Orders**

24. CBP is charged with the assessment and collection of duties. 19 U.S.C. §§ 1500, 1502.

25. CBP is also responsible for assessing and collecting any tariffs, including the IEEPA Duties, on the imported goods based upon the origin of the goods and the tariff classification thereof, in accordance with to the rates established by the Harmonized Tariff Schedule of the United States ("HTSUS"). 19 U.S.C. §§ 1202, 1500, 1502.

26. Ordinarily, within 314 days of entry, CBP "finalizes" the appraisement of the entered merchandise, and confirms the value, classification, and duty rate applicable thereto.  *See* 19 U.S.C. § 1500 and 19 U.S.C. § 1504.

---

[5] See e.g. CSMS # 64649265 - *GUIDANCE – Reciprocal Tariffs, April 5, 2025 Effective Date*; CSMS # 64687696 - *UPDATED GUIDANCE – Reciprocal Tariffs on Goods of China, April 9, 2025, Effective Date*; CSMS # 64701128 - *UPDATED GUIDANCE – Reciprocal Tariffs – Increase in Rate for China and Reversion of Other Country-Specific Rates, Effective April 10, 2025*
[6] *See e.g.* Executive Order 14323 of July 30, 2025 (*Addressing Threats to the United States by the Government of Brazil*); Executive Order 14325 of July 31, 2025 (*Amendment to Duties To Address the Flow of Illicit Drugs Across Our Northern Border*); Executive Order 14329 of August 6, 2025 (*Addressing Threats to the United States by the Government of the Russian Federation*) of August 6, 2025.

27. Once the final amount of duty owed on an entry is determined, CBP "liquidates" the entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund.

28. Once liquidation has occurred, the importer of record has 180 days after liquidation to file a protest contesting the liquidation and any other CBP decisions covered thereby. *See* 19 U.S.C. § 1514(a).

29. However, this Court and the Federal Circuit have cautioned that, in certain circumstances, an importer may lack the legal right to recover refunds of duties for entries that have liquidated, even where the underlying legality of a duty or tariff is later found to be unlawful. *See In re Section 301 Cases*, 524 F. Supp. 3d at 1365-66 (Ct. Int'l Trade 2021); *Target Corp. v. United States,* 134 F. 4th 1307, 1316 (Fed. Cir. 2025).

**III. IEEPA Does Not Authorize Assessment of the Subject Duties**

30. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 et seq., the National Emergencies Act, 50 U.S.C. § 1601 et seq., section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs.

31. Defendants have relied solely on the IEEPA statute to impose and collect the challenged Duties.

32. However, on May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiffs in *V.O.S. Selections,* holding that IEEPA did not authorize assessment of IEEPA Duties. This Court permanently enjoined the government from enforcing the IEEPA Duties at issue in that case.

33. Upon appeal, the Federal Circuit stayed this Court's decision.

34. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that the IEEPA Duties are unlawful. *See V.O.S. Selection Inc. v Trump,* 149 F. 4th 1312 (Fed Cir. 2025).

35. Separately, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Re*sources *Inc. v. Trump,* 784 F. Supp. 3d 209 (D.D.C. 2025). That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources*.

36. The cases were consolidated, with argument before the Supreme Court on November 5, 2025.

IV.     **Plaintiff Paid Preliminary IEEPA Duties**

37. Plaintiff has paid IEEPA duties as imposed by the challenged Tariff Orders.

38. Plaintiff's imports merchandise subject to IEEPA duties entered the United States under new Chapter 99, HTSUS, tariff provisions used to convey the assessment of the subject duties.

39. Plaintiff has paid IEEPA duties on a continuous basis.

40. The entries covered by these duties are expected to begin liquidating on and after December 15, 2025.

## STATEMENT OF CLAIMS

### COUNT I

### THE CHALLENGED TARIFF ORDERS ARE *ULTRA VIRES* UNDER V.O.S. SELECTIONS

41. Plaintiff incorporates paragraphs 1- 40 above by reference.

42. The Court of International Trade in *V.O.S. Selections, supra,* held that the President exceeded his authority under IEEPA when he imposed tariffs on imported goods.

43. The Court, in The *V.O.S. Selections*, held that: IEEPA authorizes the President only to "investigate, regulate, or prohibit" importation but does not authorize the imposition of tariffs on imports. The court also held that neither the text of IEEPA nor its legislative history contains any clear delegation to the President to set tariff rates.

44. The Federal Circuit affirmed that interpretation, holding that Congress did not clearly delegate to the President the authority to impose tariffs under IEEPA.

45. The executive orders challenged in this Complaint are materially identical in structure, authorities claimed, and in effect to those struck down in *V.O.S. Selection.* Inasmuch as these orders purport to impose duties and to modify the HTSUS solely under IEEPA.

46. For the same reasons set forth *in V.O.S. Selections*, the IEEPA Tariff Orders are therefore unlawful, void *ab initio,* and without effect as applied to Plaintiff.

47. Plaintiff respectfully requests that this Court apply the binding decision of the Federal Circuit, declare the IEEPA Tariff Orders unlawful as to Plaintiff, enjoin Defendants from enforcing them as to Plaintiff, and order refund of all IEEPA Duties, with interest , collected from Plaintiff, as provided by law.

## COUNT II

## ALTERNATIVE – THE CHALLENGED ORDERS ARE UNLAWFUL UNDER THE REASONING OF THE DISTRICT COURT IN *LEARNING RESOURCES*

48. Plaintiff incorporates paragraphs 1 - 47 above by reference.

49. Alternatively, if the Court construes IEEPA as authorizing tariffs, the IEEPA Tariff Orders must nevertheless be held to be unlawful because such a reading would convert IEEPA into an impermissible delegation of legislative power.

50. The Constitution vests in Congress the power to "lay and collect … Duties."

51. Accordingly, even if IEEPA were construed to permit the Tariff Orders, that delegation would lack the requisite intelligible principle that directs and constrains a President's exercise of that power. IEEPA does not do this.

52. Plaintiff therefore seeks a declaration that the IEEPA Tariff Orders are unlawful under the reasoning of *Learning Resources* as to Plaintiff, enjoining Defendants from enforcing them as to Plaintiff, and ordering refunds of all IEEPA duties collected from Plaintiff, plus interest, as provided by law.

### COUNT III
### (DECLARATORY RELIEF, 28 U.S.C. § 2201)

53. Plaintiff incorporates paragraphs 1 - 52 above by reference.

54. Federal courts have the power "to declare the rights and other legal relations of any interested party seeking such a declaration." 28 U.S.C. § 2201(a).

55. Plaintiff's claims present an actual question regarding a President's authority under IEEPA, the constitutionality of IEEPA duties, and the authority of Defendants to implement and collect the resulting tariffs.

56. Plaintiff, as an importer of record of merchandise subject to the IEEPA duties has suffered injury by having been required to pay IEEPA duties as a result of the IEEPA Tariff Orders on goods it has imported into the United States.

57. This Court should exercise its equitable power to enter a declaratory judgment that the IEEPA Tariff Orders are unlawful for any or all of the above reasons, and that Defendants lack authority to implement and collect the resulting tariffs, as to Plaintiff.

## PRAYER FOR RELIEF

WHEREFOR, Plaintiff respectfully requests that the Court:

a) Hold the President lacks authority under IEEPA to set tariffs;

b) Hold that the IEEPA Tariff Orders are *ultra vires* and void *ab initio* with respect to Plaintiff;

c) Hold that, with respect to Plaintiff, Defendants lack authority to implement and collect any tariffs set out in the HTSUS that are based on the IEEPA Tariff Orders;

d) Vacate the IEEPA Tariff Orders;

e) Enjoin Defendants from imposing and enforcing any tariffs against Plaintiff set out in the HTSUS that are based on the IEEPA Tariff Orders;

f) Order the United States to refund to Plaintiff the IEEPA duties collected on those entries, with interest as provided by law; and

g) award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action;

h) grant such further relief as this Court deems proper.

  Respectfully submitted,

SHARRETTS, PALEY, CARTER & BLAUVELT, P.C.

Attorneys for plaintiff

75 Broad Street

New York, New York   10004

Telephone (212) 425-0055



By: ___/s/ Allison M. Baron_____

     Allison M. Baron

Dated:  January 8, 2026

**CERTIFICATE OF SERVICE**

I, Allison M. Baron, attorney for plaintiff, hereby certify that on January 8, 2026, I caused a copy of the foregoing document and, related summons, to be served upon the following counsel by certified mail, return receipt requested:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

/s/  Allison M. Baron
Allison M. Baron, Esq.
SHARRETTS, PALEY, CARTER
& BLAUVELT, P.C.
75 Broad Street
New York, NY  10004
Tel. No.: (212) 425-0055